UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

KARINA B.M.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI
NOEM, Secretary, U.S. Department of
Homeland Security; TODD M. LYONS,
Acting Director of Immigration and Customs
Enforcement; and DAVID EASTERWOOD,
Acting Director, St. Paul Field Office
Immigration and Customs Enforcement,

Respondents.

Case No. 26-CV-0534 (PJS/DTS)

ORDER

---

Alexandra Tyre Carthew, CARTHEW LAW, PLLC, for petitioner.

Ana H. Voss and Matthew Isihara, UNITED STATES ATTORNEY'S OFFICE, for
respondents.

This matter is before the Court on petitioner Karina B.M.'s petition for a writ of

habeas corpus.[1]  Karina, a citizen of Ecuador, entered the United States without

inspection three years ago.  V. Pet. at 1 ¶ 1; 4 ¶ 1.  Karina has never been charged with

or convicted of a crime, has never been issued a final removal order, and has a pending

asylum application.  V. Pet. at 4 ¶¶ 2–3.  Karina, a single parent to two minor children,

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

was detained by Immigration and Customs Enforcement ("ICE") on January 16, 2026, when she presented for an immigration appointment.  V. Pet. at 4 ¶ 5; 1 ¶ 1.

Respondents take the position that Karina is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a).  This position reflects both new and interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 291 I.&N. Dec. 216, 229 (BIA 2025).

Following her arrest, Karina filed this habeas action.  This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the United States after entering without inspection.  This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them.  *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While respondents' argument to the contrary has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Karina, who entered without inspection and are already present and living in the United

-2-

States.[2]    The Court therefore holds that Karina is not subject to mandatory detention under § 1225(b)(2).

As to remedy:  The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a).  *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added).  The Court ordered respondents to file an answer to Karina's petition no later than January 22, 2026, addressing whether Karina's arrest was preceded by a warrant.  ECF No. 3 at 2.  Respondents were further instructed to file "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention."  ECF No. 3 at 2; ECF No. 6 at 4–5.  Respondents' answer did not deny or contest any of petitioner's factual allegations, nor did it include any affidavits, exhibits, or mention of a warrant.  *See generally* ECF No. 5; ECF No. 6 at 5.  The Court will therefore grant Karina's petition and order her immediate release.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal.  *See* ECF No. 5 at 3.

1.     Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2.     The Court DECLARES that petitioner is not subject to mandatory detention

under 8 U.S.C. § 1225(b)(2).

3.     Respondents are ORDERED to release petitioner from custody

immediately.

   a.     If petitioner has been removed from Minnesota, respondents are

   ORDERED to immediately return petitioner to Minnesota.

   b.     Respondents are further ORDERED to provide reasonable advance

   notice to petitioner's counsel to arrange for petitioner's safe release.

   c.     Respondents are ENJOINED from withholding petitioner's personal

   documents and effects upon petitioner's release.

4.     The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2026                    /s/ Patrick J. Schiltz
                                           Patrick J. Schiltz, Chief Judge
                                           United States District Court